## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN NAUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CHARTER COMMUNICATIONS, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Charter Communications, LLC ("Charter"), by and through the undersigned counsel, hereby removes Case No. 20SL-CC05679, Kevin Nauss v. Charter Communications, LLC, an action from the Circuit Court of the County of St. Louis in the State of Missouri ("State Court Action"), to the United States District Court for the Eastern District of Missouri. Charter removes the State Court Action under 28 U.S.C. §§ 1331, 1332, and 1446, on the factual and legal grounds discussed below.

## I.    PLEADINGS, PROCESS, AND ORDERS

1.    On or about November 17, 2020, the above-captioned action was commenced in the Circuit Court of the County of St. Louis in the State of Missouri, entitled Kevin Nauss v. Charter Communications, LLC, and assigned Case No. 20SL-CC05679 ("Complaint").

2.    On November 24, 2020, Charter was served with a Summons and the Complaint. A complete copy of the file from the State Court Action, including a copy of the Summons, Complaint, and all pleadings, process, orders served on Charter, as well as a copy of the docket

sheet and all documents filed in the State Court Action is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a) and Local Rule 2.03.

## II.    **FEDERAL QUESTION JURISDICTION**

3.    A state court action may be removed to this Court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

4.    Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331; 1441(a).

5.    In the Complaint, Plaintiff alleges that Charter violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Accordingly, this action "arises under" the laws of the United States and satisfies the requirements for federal question jurisdiction.

## IV.    **DIVERSITY JURISDICTION**

6.    As explained in further detail below, this Court also has diversity jurisdiction over Plaintiff's State Court Action, under 28 U.S.C. § 1332, because diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### **Citizenship**

7.    For the purposes of diversity jurisdiction, natural persons are citizens of the state where they are domiciled. Bakhtiari v. Phillips, 2009 WL 3711979, at *1 (E.D. Mo. Nov. 5, 2009). Domicile, and therefore citizenship, is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir. 2005). Upon information and belief, Plaintiff was at the time of the filing of this action, and remains, a resident of St. Louis County, Missouri and a citizen of the State of Missouri. See Complaint, ¶ 2.

8.      For the purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Charter Communications, LLC, is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, and with all of its membership interest owned by Charter Communications Operating, LLC.  Charter Communications Operating, LLC, is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, and with all of its membership interest owned by Charter Communications, Inc.  Charter Communications, Inc., is a Delaware corporation with its principal place of business in Stamford, Connecticut.  Charter is thus a citizen of Delaware and Connecticut.

9.      Because Plaintiff is a citizen of Missouri and Charter is a citizen of Delaware and Connecticut, all Plaintiffs in the State Court Action are citizens of different states from all Defendants. Therefore, complete diversity of citizenship exists between the parties.

**Amount in Controversy**

10.      To satisfy 28 U.S.C. § 1332(a), the amount in controversy, exclusive of interest and costs, must exceed $75,000.

11.      The Complaint does not specify the total amount in controversy.  However, Plaintiff seeks, inter alia, $105,000 in recovery for alleged past, present, and future lost wages; emotional distress damages; compensatory damages for medical expenses; punitive damages in excess of $25,000; and attorney's fees.  See, Complaint ¶ 22.

12.      The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met.  Quinn v. Kimble, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002). Based on Plaintiff's prayer for at least $105,000 in compensatory damages and at least $25,000 in punitive damages, it is apparent from the face of the Complaint that the $75,000 amount in

controversy requirement is satisfied. Turntine v. Peterson, 959 F.3d 873, 881 (8th Cir. 2020) (citing Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2020)).

13.     Without admitting any liability whatsoever, and the same being expressly denied, Charter is informed and believes that, if Plaintiff's claims were proven true, at the time of removal he would be entitled to damages totaling over $75,000.

14.     In total, Plaintiff seeks far more than $75,000 in damages and relief. The amount in controversy requirement of 28 U.S.C. § 1332 is thus satisfied.

## V.     VENUE

15.     Venue is appropriate in this Court, under 28 U.S.C. § 1391(b)(2), because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in St. Louis County, Missouri, and the Circuit Court of the County of St. Louis, State of Missouri, is within this District. Complaint, ¶ 5.

## VI.     TIMELINESS OF REMOVAL

16.     This Notice of Removal is timely filed.

17.     Plaintiff filed the Complaint on or about November 19, 2020. Charter was served with the Summons and Complaint on November 24, 2020.

18.     Charter now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint, and within one year of the date on which the Complaint was filed.

## VII.     CHARTER HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

19.     Charter filed a notice of removal and a copy of this Notice in the Circuit Court of the County of St. Louis, State of Missouri, in accordance with 28 U.S.C. § 1446(d).

20.     Charter has served Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

21.    For the foregoing reasons, this Court has original jurisdiction over this lawsuit. 28 U.S.C. §§ 1331, 1332, and 1446.

Respectfully submitted,

**THOMPSON COBURN LLP**

By: */s/ R. Nelson Williams*
R. Nelson Williams, MO - 63322
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6505
FAX 314-552-7000
rwilliams@thompsoncoburn.com


Attorney for Defendant
Charter Communications, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been mailed, first class mail postage prepaid, this 22nd day of December, 2020, to:

James P. Krupp
Krupp Law Firm
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO 63131

*/s/ R. Nelson Williams*