# EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC05679 |
|---|---|
| Plaintiff/Petitioner:<br>KEVIN NAUSS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES P KRUPP<br>12813 FLUSHING MEADOWS DRIVE<br>SUITE 150<br>SAINT LOUIS,  63131 |
| vs. | |
| Defendant/Respondent:<br> CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  CHARTER COMMUNICATIONS, LLC<br>Alias: | |
|---|---|

CSC-LAWYERS INC.SERV. CO
221 BOLIVAR STREER
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>19-NOV-2020</u>
**Date**

_____ /Clerk

**Further Information:**
LES

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| _____ | _____ |
|---|---|
| Date | Notary Public |

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| KEVIN NAUSS, | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | Division No. |
| | ) | |
| CHARTER COMMUNICATIONS, LLC, | ) | |
| Defendant, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve At:  Registered Agent: | ) | |
| CSC – LAWYERS INCORPORATING | ) | |
| SERVICE | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO.  65101 | ) | |

## PETITION

## RETALIATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

COMES NOW plaintiff Kevin Nauss and for his Petition against defendant Charter
Communications LLC (hereinafter sometimes referred to as "Charter") and states as follows:

1.  Plaintiff Kevin Nauss brings this cause of action against defendant Charter under Title I of the
Americans With Disabilities Act of 1990 (hereinafter sometimes referred to as the "ADA"), as
amended 42 U.S.C. §12101 et seq…

2.  Plaintiff Kevin Nauss is a resident of St. Louis County, Missouri.

3.  Defendant Charter Communications, LLC is a foreign corporation organized and existing
under the laws of the State of Delaware.  Defendant Charter at all times mentioned herein
transacted business in the State of Missouri, including doing the business of cable
telecommunications.

4.  At all times mentioned herein defendant Charter acted by and through its agents, servants,
and employees in conducting its business and affairs with plaintiff and others.

1

5. During the approximate period of Nov. 2017 – Oct. 8, 2019 plaintiff Kevin Nauss was
employed by Charter on a full time basis as a "Systems Analyst Ops" in the Information
Technology (IT) area of defendant's business, and plaintiff worked at defendant's corporate
offices located at or near 12405 Powerscourt, St. Louis County, MO. 63131.

6. In the early months of the year 2019 plaintiff who is now 38 years old was having physical
and mental trauma to the extent that at least by April of 2019 plaintiff made his bosses and the
Human Relations Department at Charter aware of his disability(s) and how they were causing
him significant problems in performing his job duties while working at the corporate offices.
Charter's personnel directed plaintiff and assisted him in applying for Family Medical Leave as
well as for Short-Term Disability under defendant's Plan. Charter and its representatives
originally in April of 2019 denied plaintiff's application for Short-Term Disability. Plaintiff in
May or so of 2019 appealed their denial of his disability and among other things provided
defendant Charter with separate written reports from his family doctor and his psychiatrist both
stating that plaintiff was and would be unable to return to work for the period of April 5, 2019 –
July 31, 2019. Plaintiff's treating doctors reports included the reasons for his inability to return
to work during that period as being some of the following: chronic abdominal pain associated
with poor control of defecation, unpredictable bouts of cramping and diarrhea with the need for
frequent restroom breaks, gastric ulcers with bleeding, irritable bowel syndrome, persistent
anxiety, fluctuating depression, insomnia, impaired concentration, post traumatic stress disorder,
migraines, along with a list of some of the numerous medications being taken by plaintiff.
Eventually defendant through its agents and affiliates determined and issued a final denial of
plaintiff Kevin Nauss's Application For Short-Term Disability Benefits.

2

7. Plaintiff was incurring frequent daily attacks of explosive diarrhea, which necessitated him getting to the restroom in an emergency as quickly as possible so that he would not defecate in his pants in the office.

8. During the period of April 5 – July 31, 2019, defendant Charter and its representatives altered and changed the dates of their approval of plaintiff's Family Medical Leave (FMLA), which at time made it unclear to plaintiff as to whether or not and when he was approved by Charter to be off of work under the FMLA.

9. During at least some of the period of April 5 – July 31, 2019, defendant Charter required plaintiff to pay for his medical health insurance through Charters self funded Plan, and plaintiff did so by making the payment on time; yet, defendant Charter and its representatives still canceled his health care insurance benefits thereby causing plaintiff to be impeded in his attempts to obtain the necessary health care treatment for his conditions and disability that would hopefully have helped plaintiff to return to work full time at his IT job with defendant.

10. Upon plaintiff's return to full time work at defendant's corporate offices on or about Aug. 1, 2019, plaintiff soon thereafter began requesting defendant to accommodate him by permitting him to work his IT job from home until such time as his frequent defecation problem and other disabilities were under control to the extent plaintiff could reasonably return to working full time within the corporate office building.

11. Even though another Charter employee who worked the same IT position as plaintiff was permitted by Charter and its same bosses and HR Department on 2 separate occasions, defendant Charter would not approve and did not approve plaintiff to work from home as an accommodation. Instead, Charter informed plaintiff that Charter did not have a policy that would permit plaintiff to work from home.

3

12. On or about Oct. 8, 2019 plaintiff had a final meeting with Charter who informed him that they would not permit plaintiff to work from home. Being unable to perform the IT work at the Charter corporate office, plaintiff was thereby constructively discharged by Charter on Oct. 8.

13. Defendant Charter's unlawful employment practices complained of herein occurred in St. Louis County, MO.; therefore, jurisdiction and venue are proper in the Circuit Court Of St. Louis County, Missouri.

14. Throughout his tenure of employment with defendant Charter, plaintiff Kevin Nauss performed his job duties in a satisfactory manner for them; however, plaintiff was discriminated against by defendant Charter for taking FMLA sick leave and applying for Short-Term Disability and requesting reasonable accommodations to perform his IT job for them from home. Defendant retaliated against plaintiff by discriminating against him and by canceling his health insurance and treating him with hostility and then constructively discharging him on or about Oct. 8, 2019.

15. At all times during his employment with defendant Charter, plaintiff Kevin Nauss performed his IT job to the best of his ability and satisfactorily met the legitimate job expectations of defendant, and plaintiff was able to and ready to perform the essential functions of his job.

16. Defendant Charter failed and refused to provide reasonable accommodation for Kevin Nauss who had a good faith belief that his requested accommodation was appropriate.

17. Defendant Charter failed and refused to engage in good faith discussions with plaintiff concerning accommodations.

18. Sec. 12112 (a) & (b)(5)(A) of the ADA states in part as follows:

"(a) No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

4

(b) Construction

    As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes..

(5) (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that an accommodation would impose an undue hardship on the operation of the business of such covered entity;"

Defendant Charter failed to provide plaintiff any reasonable accommodation, including but not limited to providing him with the ability to perform the IT job from home, as required by Section 12112(a) & (b)(5)(A) of the ADA. It would not have been an undue hardship for Charter to have permitted and provided for plaintiff and his disability(s) to work his IT job from home.

19. Defendant Charter is a covered entity under the ADA and Charter discriminated against plaintiff Kevin Nauss who is a qualified individual under the ADA, and Charter denied plaintiff the privileges of his employment with them and Charter unlawfully discharged him. The performance of his IT job from home could easily have been accommodated by Charter; but, instead Charter determined to discriminate and retaliate against plaintiff Kevin Nauss for his disabilities.

20. The aforesaid mentioned herein hostility, discrimination and retaliation by defendant Charter against plaintiff Kevin Nauss was done intentionally by defendant Charter and was malicious and was done with reckless indifference to plaintiff's federally protected rights.

21. Plaintiff timely filed a "Charge Of Discrimination" with the U.S. Equal Employment Opportunity Commission (EEOC), and the EEOC has issued a "Notice Of Right To Sue" to plaintiff and plaintiff has met all of the conditions precedent required and has timely filed this lawsuit against defendant Charter.

22.  That as a direct and proximate result of the discrimination and retaliation including

discharge of plaintiff from his IT job by defendant Charter, plaintiff suffered and incurred

damages as follows:  past and future lost income in the approximate amount of his salary for all

of the time from his discharge on Oct. 8, 2019 to the time of the finalization of this lawsuit

herein which by that time may be somewhere between One Hundred – Five Hundred Thousand

Dollars; emotional distress and mental anguish and psychiatric and damages; physical trauma to

his internal organs including but not limited to his stomach, bowels, intestines and related parts;

the necessary medical treatment and reasonable charges for it; plaintiff's attorney's fees and

costs for bringing this lawsuit; some or all of plaintiff's injuries and damages are ongoing and

permanent.

WHEREFORE, plaintiff Kevin Nauss requests the Court to enter its Order in his favor and

against defendant Charter Communications, LLC for compensatory damages in an amount that is

fair and reasonable and in excess of Twenty-Five Thousand Dollars ($25,000.00), and

additionally for its Order in plaintiff Kevin Nauss's favor and against defendant Charter

Communications, LLC for punitive damages in an amount that is fair and reasonable and in

excess of Twenty-Five Thousand Dollars ($25,000.00), and for his attorney's fees and costs

incurred herein bringing this lawsuit, and for such other and further relief as the Court deems just

and proper under the circumstances.

Respectfully Submitted,

__/s/ James P. Krupp_____
James P. Krupp          #31892
Attorney for plaintiff Kevin Nauss
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#  (314) 835-9999
Fax#  (314) 218-3530
James.Krupp@krupplawfirm.com

6



# Your Missouri Courts



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print      GrantedPublicAccess  Logoff NELSONWILLIAMS

## 20SL-CC05679 - KEVIN NAUSS V CHARTER COMMUNICATIONS, LLC (E-CASE)

| FV | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending      Display Options: All Entries

**12/07/2020** ☐ **Corporation Served**
Document ID - 20-SMCC-10466; Served To - CHARTER COMMUNICATIONS, LLC; Server - ; Served Date - 24-NOV-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**11/19/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-10466, for CHARTER COMMUNICATIONS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**11/17/2020** ☐ **Filing Info Sheet eFiling**
**Filed By:** JAMES P KRUPP

☐ **Pet Filed in Circuit Ct**
PETITION - RETALIATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF ADA.
**On Behalf Of:** KEVIN NAUSS

☐ **Judge Assigned**
DIV 6

Case.net Version 5.14.12      Return to Top of Page      Released 11/10/2020

**20SL-CC05679**

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **KEVIN NAUSS,** | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| **vs.** | ) | **Division No.** |
| | ) | |
| **CHARTER COMMUNICATIONS, LLC,** | ) | |
| **Defendant,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve At:  Registered Agent:** | ) | |
| **CSC – LAWYERS INCORPORATING** | ) | |
| **SERVICE** | ) | |
| **221 Bolivar Street** | ) | |
| **Jefferson City, MO.   65101** | ) | |

**PETITION**

**RETALIATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

COMES NOW plaintiff Kevin Nauss and for his Petition against defendant Charter

Communications LLC (hereinafter sometimes referred to as "Charter") and states as follows:

1.  Plaintiff Kevin Nauss brings this cause of action against defendant Charter under Title I of the

Americans With Disabilities Act of 1990 (hereinafter sometimes referred to as the "ADA"), as

amended 42 U.S.C. §12101 et seq…

2.  Plaintiff Kevin Nauss is a resident of St. Louis County, Missouri.

3.  Defendant Charter Communications, LLC is a foreign corporation organized and existing

under the laws of the State of Delaware.  Defendant Charter at all times mentioned herein

transacted business in the State of Missouri, including doing the business of cable

telecommunications.

4.   At all times mentioned herein defendant Charter acted by and through its agents, servants,

and employees in conducting its business and affairs with plaintiff and others.

1

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

5.  During the approximate period of Nov. 2017 – Oct. 8, 2019 plaintiff Kevin Nauss was employed by Charter on a full time basis as a "Systems Analyst Ops" in the Information Technology (IT) area of defendant's business, and plaintiff worked at defendant's corporate offices located at or near 12405 Powerscourt, St. Louis County, MO. 63131.

6.  In the early months of the year 2019 plaintiff who is now 38 years old was having physical and mental trauma to the extent that at least by April of 2019 plaintiff made his bosses and the Human Relations Department at Charter aware of his disability(s) and how they were causing him significant problems in performing his job duties while working at the corporate offices. Charter's personnel directed plaintiff and assisted him in applying for Family Medical Leave as well as for Short-Term Disability under defendant's Plan.  Charter and its representatives originally in April of 2019 denied plaintiff's application for Short-Term Disability.  Plaintiff in May or so of 2019 appealed their denial of his disability and among other things provided defendant Charter with separate written reports from his family doctor and his psychiatrist both stating that plaintiff was and would be unable to return to work for the period of April 5, 2019 – July 31, 2019.  Plaintiff's treating doctors reports included the reasons for his inability to return to work during that period as being some of the following:  chronic abdominal pain associated with poor control of defecation, unpredictable bouts of cramping and diarrhea with the need for frequent restroom breaks, gastric ulcers with bleeding, irritable bowel syndrome,  persistent anxiety, fluctuating depression, insomnia, impaired concentration,  post traumatic stress disorder, migraines, along with a list of some of the numerous medications being taken by plaintiff. Eventually defendant through its agents and affiliates determined and issued a final denial of plaintiff Kevin Nauss's Application  For Short-Term Disability Benefits.

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

7.  Plaintiff was incurring frequent daily attacks of explosive diarrhea, which necessitated him getting to the restroom in an emergency as quickly as possible so that he would not defecate in his pants in the office.

8.  During the period of April 5 – July 31, 2019, defendant Charter and its representatives altered and changed the dates of their approval of plaintiff's Family Medical Leave (FMLA), which at time made it unclear to plaintiff as to whether or not and when he was approved by Charter to be off of work under the FMLA.

9.  During at least some of the period of April 5 – July 31, 2019, defendant Charter required plaintiff to pay for his medical health insurance through Charters self funded Plan, and plaintiff did so by making the payment on time; yet, defendant Charter and its representatives still canceled his health care insurance benefits thereby causing plaintiff to be impeded in his attempts to obtain the necessary health care treatment for his conditions and disability that would hopefully have helped plaintiff to return to work full time at his IT job with defendant.

10.  Upon plaintiff's return to full time work at defendant's corporate offices on or about Aug. 1, 2019, plaintiff soon thereafter began requesting defendant to accommodate him by permitting him to work his IT job from home until such time as his frequent defecation problem and other disabilities were under control to the extent plaintiff could reasonably return to working full time within the corporate office building.

11.  Even though another Charter employee who worked the same IT position as plaintiff was permitted by Charter and its same bosses and HR Department on 2 separate occasions, defendant Charter would not approve and did not approve plaintiff to work from home as an accommodation. Instead, Charter informed plaintiff that Charter did not have a policy that would permit plaintiff to work from home.

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

12.  On or about Oct. 8, 2019 plaintiff had a final meeting with Charter who informed him that they would not permit plaintiff to work from home.  Being unable to perform the IT work at the Charter corporate office, plaintiff was thereby constructively discharged by Charter on Oct. 8.

13.  Defendant Charter's unlawful employment practices complained of herein occurred in St. Louis County, MO.; therefore, jurisdiction and venue are proper in the Circuit Court Of St. Louis County, Missouri.

14.  Throughout his tenure of employment with defendant Charter, plaintiff Kevin Nauss performed his job duties in a satisfactory manner for them; however, plaintiff was discriminated against by defendant Charter for taking FMLA sick leave and applying for Short-Term Disability and requesting reasonable accommodations to perform his IT job for them from home. Defendant retaliated against plaintiff by discriminating against him and by canceling his health insurance and treating him with hostility and then constructively discharging him on or about Oct. 8, 2019.

15.  At all times during his employment with defendant Charter, plaintiff Kevin Nauss performed his IT job to the best of his ability and satisfactorily met the legitimate job expectations of defendant, and plaintiff was able to and ready to perform the essential functions of his job.

16.  Defendant Charter failed and refused to provide reasonable accommodation for Kevin Nauss who had a good faith belief that his requested accommodation was appropriate.

17.  Defendant Charter failed and refused to engage in good faith discussions with plaintiff concerning accommodations.

18.  Sec. 12112 (a) & (b)(5)(A) of the ADA states in part as follows:

"(a)  No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

4

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

(b)  Construction

As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes..

(5) (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that an accommodation would impose an undue hardship on the operation of the business of such covered entity;"

Defendant Charter failed to provide plaintiff any reasonable accommodation, including but not limited to providing him with the ability to perform the IT job from home, as required by Section 12112(a) & (b)(5)(A) of the ADA.  It would not have been an undue hardship for Charter to have permitted and provided for plaintiff and his disability(s) to work his IT job from home.

19.  Defendant Charter is a covered entity under the ADA and Charter discriminated against plaintiff Kevin Nauss who is a qualified individual under the ADA, and Charter denied plaintiff the privileges of his employment with them and Charter unlawfully discharged him.  The performance of his IT job from home could easily have been accommodated by Charter; but, instead Charter determined to discriminate and retaliate against plaintiff Kevin Nauss for his disabilities.

20.  The aforesaid mentioned herein hostility, discrimination and retaliation by defendant Charter against plaintiff Kevin Nauss was done intentionally by defendant Charter and was malicious and was done with reckless indifference to plaintiff's federally protected rights.

21.  Plaintiff timely filed a "Charge Of Discrimination" with the U.S. Equal Employment Opportunity Commission (EEOC), and the EEOC has issued a "Notice Of Right To Sue" to plaintiff and plaintiff has met all of the conditions precedent required and has timely filed this lawsuit against defendant Charter.

Electronically Filed - St Louis County - November 17, 2020 - 12:49 PM

22.  That as a direct and proximate result of the discrimination and retaliation including discharge of plaintiff from his IT job by defendant Charter, plaintiff suffered and incurred damages as follows:  past and future lost income in the approximate amount of his salary for all of the time from his discharge on Oct. 8, 2019 to the time of the finalization of this lawsuit herein which by that time may be somewhere between One Hundred – Five Hundred Thousand Dollars; emotional distress and mental anguish and psychiatric and damages; physical trauma to his internal organs including but not limited to his stomach, bowels, intestines and related parts; the necessary medical treatment and reasonable charges for it; plaintiff's attorney's fees and costs for bringing this lawsuit; some or all of plaintiff's injuries and damages are ongoing and permanent.

   WHEREFORE, plaintiff Kevin Nauss requests the Court to enter its Order in his favor and against defendant Charter Communications, LLC for compensatory damages in an amount that is fair and reasonable and in excess of Twenty-Five Thousand Dollars ($25,000.00), and additionally for its Order in plaintiff Kevin Nauss's favor and against defendant Charter Communications, LLC for punitive damages in an amount that is fair and reasonable and in excess of Twenty-Five Thousand Dollars ($25,000.00), and for his attorney's fees and costs incurred herein bringing this lawsuit, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

  __/s/ James P. Krupp_____
James P. Krupp            #31892
Attorney for plaintiff Kevin Nauss
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#   (314) 835-9999
Fax#  (314) 218-3530
James.Krupp@krupplawfirm.com

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC05679 |
| Plaintiff/Petitioner:<br>KEVIN NAUSS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES P KRUPP<br>12813 FLUSHING MEADOWS DRIVE<br>SUITE 150<br>SAINT LOUIS,   63131 |
| Defendant/Respondent:<br> CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | CHARTER COMMUNICATIONS, LLC<br>Alias: |

CSC-LAWYERS INC.SERV. CO
221 BOLIVAR STREER
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__19-NOV-2020__
**Date**

_____
Clerk

**Further Information:**
LES

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | Case Number: 20SL-CC05679 |
| Plaintiff/Petitioner:<br>KEVIN NAUSS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES P KRUPP<br>12813 FLUSHING MEADOWS DRIVE<br>SUITE 150 |
| vs. | SAINT LOUIS,  63131 |
| Defendant/Respondent:<br> CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Other Miscellaneous Actions | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

**RECEIVED**

**NOV 2 3 2020**

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

**FILED**

## Summons in Civil Case

**The State of Missouri to:  CHARTER COMMUNICATIONS, LLC**
        Alias:

**CSC-LAWYERS INC.SERV. CO**
**221 BOLIVAR STREER**
**JEFFERSON CITY, MO 65101**

DEC - 7 2020

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

          **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
          **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>19-NOV-2020</u>
**Date**

                                         /Clerk

**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   Shelly  Lewis (CSC Lawyers)  (name) _____ Designee _____ (title).

☐ other _____

Served at  350 E High St. Jefferson City, MO  65101 _____ (address)

in _____ (County/City of St. Louis), MO, on  11-24-2020 _____ (date) at  8:00 AM  (time).

Sheriff _____  By Dep _____ 36

     Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

          My commission expires: _____ _____

                            Date                                  Notary Public

#7219
$30.00

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.